446    APPELLATE COURTS OF ILLINOIS.

Tuohy v. Chicago & Joliet Electric Ry. Co., 200 Ill. App. 446.

## Payton J. Tuohy, Appellant, v. Chicago & Joliet Electric Railway Company, Appellee.

### Gen. No. 6,195.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Suit by Payton J. Tuohy, petitioner, against the Chicago & Joliet Electric Railway Company, respondent, to establish an attorney's lien. From an order dismissing the petition, the petitioner appeals.

The petition averred that James W. Miner, of the City of Joliet and county of Will, retained the petitioner to represent him, as personal representative of Harold Miner, deceased, in probating the estate of the deceased, and also in an action for personal injuries resulting in the death of said Harold Miner, such action to be brought against the Chicago & Joliet Electric Railway Company; that the petitioner on or about the 28th day of October, 1912, entered into a contract with said Miner, whereby he was to receive for his services rendered in that behalf a fee of one-third of the amount recovered against the Chicago & Joliet Electric Railway Company; that in compliance with the terms of the aforesaid agreement, he attended the inquest over the body of the aforesaid Harold Miner, deceased, and examined all the witnesses before the coroner; that on or about the 31st day of October, 1912, he served upon the Chicago & Joliet Electric Railway Company a notice of attorney's lien; that thereafter James W. Miner and the Chicago & Joliet Electric Railway Company compromised the said claim, with James W. Miner as administrator of the estate of Harold Miner, deceased, and that the sum

of $600 was paid to James W. Miner, as administrator, in full of all claims without the knowledge of the petitioner, and without any notice having been given petitioner.

The petition also averred that the notice required by the statute to be given was served and filed, in order to establish the lien, and was served and filed as required by law, but the evidence showed that the notice was served by mail.     •

PAYTON J. TUOHY, for appellant.

E. MEERS, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 138*—*when attorney not entitled to lien for services*. Where an attorney makes a contract with another, who subsequently is appointed administrator, to bring an action for damages for the death of the deceased, but such contract is not ratified by the administrator after his appointment, such attorney cannot, by serving notice on the one who caused the death, acquire a lien on such cause of action.

2. ATTORNEY AND CLIENT—*how notice to establish lien must be given*. A notice to establish an attorney's lien must be served personally and cannot be made by mail.

3. ATTORNEY AND CLIENT—*what is effect of admitting service of notice for lien*. In a suit to establish an attorney's lien, *held* that the respondent by admitting the service upon him of the notice set out in the attorney's petition did not admit that the service was made in the manner required by the statute.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.